IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CYNTHIA DAVIS, | : | CIVIL ACTION |
| Plaintiff, | : | |
| v. | : | |
| | : | |
| CITY AND COUNTY OF | : | |
| PHILADELPHIA, *et al.*, | : | |
| Defendants. | : | No. 12-1827 |

**MEMORANDUM**

PRATTER, J.                                                                                          JANUARY 11, 2013

**INTRODUCTION**

Cynthia Davis brings this lawsuit against the City and County of Philadelphia, the Ritz-Carlton Company, the Ritz-Carlton Philadelphia, and Marriott International for damages related to a trip and fall incident on a sidewalk outside of the Ritz-Carlton Hotel in Philadelphia. The sole federal claim in this case is a 42 U.S.C. § 1983 claim against the City, which the City has moved to dismiss. The Court grants the City's motion and dismisses Ms. Davis's § 1983 claim. Because there is no diversity of citizenship,[1] the Court will decline to exercise supplemental jurisdiction over the remaining state claims in the absence of any federal claim.[2]

**FACTUAL BACKGROUND**

According to Ms. Davis's Amended Complaint, which the Court accepts as true for the purposes of this memorandum, on July 11, 2011, Ms. Davis tripped and fell while walking on a sidewalk next to the Ritz-Carlton Hotel in Philadelphia allegedly due to the sidewalk's dangerous cracked condition. As a result of her fall, she suffered various injuries. She also

---

[1] Ms. Davis is a Pennsylvania citizen, as is Defendant City of Philadelphia. While the Corporate Defendants are present in this District, the Amended Complaint does not clearly allege their citizenships.

[2] The Corporate Defendants have also moved to dismiss Ms. Davis's claims against them. Because the Court will not exercise supplemental jurisdiction over those state claims absent a federal claim or diversity of citizenship, the Court will not address that motion here.

1

alleges that the City engaged in "illegal favoritism" by instituting a custom or policy of failing to insure that the Corporate Defendants properly maintained their sidewalks and failing to issue any citations to the Corporate Defendants for the condition of the sidewalks.

Ms. Davis's Amended Complaint contains one federal claim against the City, a § 1983 *Monell* claim alleging a violation of her Fourteenth Amendment due process rights, and several state claims against both the City and the Corporate Defendants, including negligence, bad faith insurance claims, and intentional infliction of emotional distress.

**LEGAL STANDARDS**

A Rule 12(b)(6) motion to dismiss tests the sufficiency of a complaint. Although Rule 8 of the Federal Rules of Civil Procedure requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed.R.Civ.P. 8(a)(2), in order to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests," *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (citations and quotations omitted) (alteration in original), the plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (citation omitted).

To survive a motion to dismiss, the plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). Specifically, "[f]actual allegations must be enough to raise a right to relief above the speculative level . . ." *Twombly,* 550 U.S. at 555 (citations omitted). The question is not whether the claimant will ultimately prevail but whether the complaint is "sufficient to cross the federal court's threshold." *Skinner v. Switzer,* —— U.S. ——, ——, 131 S.Ct. 1289, 1296 (2011) (citation omitted). An assessment of the sufficiency of a complaint is thus "a context-dependent exercise" because "[s]ome claims require more factual

explication than others to state a plausible claim for relief." *W. Penn Allegheny Health Sys., Inc. v. UPMC,* 627 F.3d 85, 98 (3d Cir. 2010) (citations omitted).

In evaluating the sufficiency of a complaint, the Court adheres to certain well-recognized parameters. For one, the Court "must only consider those facts alleged in the complaint and accept all of the allegations as true." *ALA, Inc. v. CCAIR, Inc.,* 29 F.3d 855, 859 (3d Cir. 1994) (citing *Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984)); *see also Twombly,* 550 U.S. at 555 (stating that courts must assume that "all the allegations in the complaint are true (even if doubtful in fact)"); *Mayer v. Belichick,* 605 F.3d 223, 230 (3d Cir. 2010) ("[A] court must consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents."). Concomitantly, the Court also must accept as true all reasonable inferences that may be drawn from the allegations, and view those facts and inferences in the light most favorable to the non-moving party. *See Rocks v. City of Phila.,* 868 F.2d 644, 645 (3d Cir. 1989); *see also Revell v. Port Auth. of N.Y. & N.J.,* 598 F.3d 128, 134 (3d Cir. 2010). Nonetheless, the Court need not accept as true "unsupported conclusions and unwarranted inferences," *Doug Grant, Inc. v. Greate Bay Casino Corp.,* 232 F.3d 173, 183–84 (3d Cir. 2000) (citations and quotations omitted), or the plaintiff's "bald assertions" or "legal conclusions," *Morse v. Lower Merion Sch. Dist.,* 132 F.3d 902, 906 (3d Cir. 1997) (citations and quotations omitted).

**DISCUSSION**

    **A.**    **Motion to Dismiss**

As an initial matter, in her opposition to the City's Motion, Ms. Davis argues that the City's Answer was due no later than March 1, 2012, that the Motion to Dismiss was filed

without leave to do so, and that the Motion is "not a proper pleading" in response to her Amended Complaint.  First of all, because the original complaint was not filed until April 10, 2012, the Court presumes that Ms. Davis meant that an Answer was due on May 1, 2012.  Even that, however, is not correct because, as the docket reflects, the City's response to Ms. Davis's Complaint was initially due on May 2, 2012.  Ms. Davis then filed an Amended Complaint before that date – on April 18, 2012 – and served the Amended Complaint on April 20, 2012.  That pushed the due date for the City's response to Ms. Davis's Amended Complaint to May 4, 2012.[3]  The City filed its motion to dismiss the Amended Complaint on May 8, 2012[4] and its Answer to the claims not addressed in the Motion on May 7, 2012.  Ms. Davis does not explain how this very short delay prejudiced her in any way, nor does she even mention the word "prejudice" in her brief.  Thus, to the extent these filings were untimely, the Court will excuse this untimeliness and consider the motion on its merits.[5]

To the extent that Ms. Davis implies that the City needed to seek leave of Court to move to dismiss, such an argument is contrary to the Federal Rules of Civil Procedure.  Ms. Davis cites to no authority supporting such a requirement, nor is there any such rule.  Federal Rule of Civil Procedure 12 allows several issues to be raised by motion, including failure to state a claim, and says nothing about a need to seek leave.  Finally, the Court notes that a motion to dismiss is not a

---

[3]   Under Federal Rule of Civil Procedure 15(a)(3), "any required response to an amended pleading must be made within the time remaining to respond to the original pleading or within 14 days after service of the amended pleading, whichever is later."

[4]   On May 5, 2012, the City filed a motion to dismiss the original Complaint.  On May 8, 2012, it filed a motion to dismiss the Amended Complaint, incorporating by reference all of the arguments in the May 5, 2012 motion.

[5]   In doing so the Court is certainly not endorsing any practice of ignoring timing requirements in litigation.  However, in this instance it is clear that no dilatory practices are at play and neither Plaintiff nor the Court have been inconvenienced, much less prejudiced, by the date discrepancies.

pleading. However, whether or not the motion to dismiss is a "pleading" has no bearing on its substantive merit or the propriety of its filing.

Getting to the heart of the matter at hand, based both on the Amended Complaint and Ms. Davis's opposition to the City's motion, Ms. Davis's 42 U.S.C. § 1983 claim centers on the contention that the City violated her substantive due process rights by failing to insure that the Ritz-Carlton properly maintained its sidewalks. Her opposition to the City's motion suggests that she is advancing a state-created danger theory, in that she claims that the City affirmatively "misused municipal authority and conspired with private parties" to cause her bodily harm.

In *Ye v. United States*, 484 F.3d 634, 636 (3d Cir. 2007), the Third Circuit Court of Appeals made clear that "[n]othing in the language of the Due Process Clause itself requires the State to protect a citizen's life, liberty or property from private harms." Two exceptions to this rule are extant. The first is when there is a "special relationship" between the individual and the state, such that "the State by the affirmative exercise of its power so restrains an individual's liberty that it renders him unable to care for himself." *See DeShaney v. Winnebago County Dep't of Social Servs.*, 489 U.S. 189, 200 (1989). This exception clearly cannot apply here, as Ms. Davis has made no allegations that she was somehow in the care or custody of the City when her accident occurred.

That leaves the second exception, the "state-created danger" exception. In the Third Circuit, to bring a successful claim under this theory, a plaintiff must plead that:

(1) the harm ultimately caused was foreseeable and fairly direct;

(2) a state actor acted with a degree of culpability that shocks the conscience;

(3) a relationship between the state and the plaintiff existed such that the plaintiff was a foreseeable victim of the defendant's acts, or a member of a discrete class of persons subjected to the potential harm brought about by the state's actions, as opposed to a member of the public in general; and

>   (4) a state actor affirmatively used his or her authority in a way that created a danger to the citizen or that rendered the citizen more vulnerable to danger than had the state not acted at all.

*Bright v. Westmoreland*, 443 F.3d 276, 281 (3d Cir. 2006) (internal quotations and citations omitted).  As the City points out, Ms. Davis fails to satisfy at least two of these elements.

First, as to the last element, Ms. Davis's allegations amount to nothing more than a claim of a failure to act, not an affirmative action.  "It is the misuse of state authority, rather than a failure to use it, that can violate the Due Process Clause." *Bright*, 443 F.3d at 282.  Thus, to satisfy this element, a plaintiff must show that: "(1) a state actor exercised his or her authority, (2) the state actor took an affirmative action, and (3) this act created a danger to the citizen or rendered the citizen more vulnerable to danger than if the state had not acted at all." *Ye v. United States*, 484 F.3d 634, 639 (3d Cir. 2007).  For this purpose, in other words, non-action is not considered to be an action.

On the face of her Amended Complaint, Ms. Davis has only alleged a failure to act, not an affirmative action undertaken by the City.  In her opposition, Ms. Davis argues that she alleged in her Amended Complaint that the City actively conspired with the Ritz-Carlton to look the other way in the face of the Ritz-Carlton's violations of its obligations to keep its sidewalks in repair, and that this conspiracy was an affirmative act.  However, that allegation does not appear in her Amended Complaint; at most, she alleges that the City engaged in a policy and practice of "agreed upon and concerted illegal favoritism" by not enforcing regulations violated by the Ritz-Carlton.  No mention is made of any agreement between the City and any third party; even if the words "agreed upon" could be read to allege such an agreement between the City and any or all of the Corporate Defendants, no other allegations sufficient to support a conspiracy can be found anywhere in the Amended Complaint.  *See Capogrosso v. Supreme Court of N.J.*, 588

6

F.3d 180, 185 (3d Cir. 2009) (In order to plead a conspiracy, a plaintiff must allege "some factual basis to support the existence of the elements of a conspiracy: agreement and concerted action.") (internal quotation omitted).  Thus, even if the act of conspiring to fail to act could satisfy the affirmative action element, Ms. Davis has not successfully alleged any such conspiracy.

Moreover, even assuming she had alleged a conspiracy not to issue citations for Ritz-Carlton's failure to fix its sidewalks, Ms. Davis's claim would still fail because she has not alleged any facts that would support the conclusion that her accident would not have occurred if the City had not conspired with the Ritz-Carlton.  Indeed, if the City had not entered into a conspiracy with the Ritz-Carlton, but had instead simply failed to act at all, the same harm would have resulted – the sidewalk would still have been cracked, and Ms. Davis would still have fallen.

Finally, even assuming she could meet the final element of the test, Ms. Davis still cannot meet the second element.  "[O]nly the most egregious official conduct" can be said to "shock the conscience."  *See Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 846 (1998).  Nothing about a failure to properly maintain sidewalks, or to enforce the proper maintenance of sidewalks, can be said to "shock the conscience," even if there was some sort of agreement not to enforce such a requirement.  The danger to the public of a crack in a sidewalk, even a large one, is not in any way outrageous or conscience-shocking such that the City's conduct rises to the level of a constitutional violation.  Ms. Davis's use of words like "willfully" and "maliciously" does nothing to change that.  For these reasons, then, Ms. Davis's § 1983 claim must be dismissed.

**B.    Amendment**

In her opposition, Ms. Davis asks that the Court to allow her an opportunity to again amend her complaint. Although leave to amend should be freely given, the Court need not allow the opportunity to amend when amendment would be futile. *See Foman v. Davis*, 371 U.S. 178, 182 (1962). Here, there are no facts Ms. Davis could add which would transform her trip and fall claim into a constitutional violation. Thus, the Court will not grant leave to amend.

### C.      Supplemental Jurisdiction

The remainder of Ms. Davis's claims rely exclusively on Pennsylvania state law. Because Ms. Davis's sole federal claim has now been dismissed before trial, the Court will exercise its discretion not to exercise supplemental jurisdiction over her remaining state law claims. *See* 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a [pendant state law claim] if . . . the district court has dismissed all claims over which it has original jurisdiction[.]"). The Court notes that under the same statute, Ms. Davis may now be able bring these claims in state court, regardless of whether the statute of limitations on the claims ran during the pendency of this action (provided, or course, that the statute of limitations did not run before she initiated this action and that she acts in a timely fashion). *See* 28 U.S.C. § 1367(d) ("The period of limitations for any [pendant state law] claim [over which the Court exercised supplemental jurisdiction] . . . shall be tolled while the claim is pending and for a period of 30 days after it is dismissed unless State law provides for a longer tolling period.").

**CONCLUSION**

For the foregoing reasons, the Court will grant the City's motion to dismiss and refrain from exercising supplemental jurisdiction over the remaining state law claims. An appropriate Order follows.

BY THE COURT:

S/Gene E.K. Pratter
GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE